413 F.2d 543
 Ramiro DE LA FE; Armando Betancourt; Modesto Carlos Garcia
Mendez; Humberto Perez Montes De Oca; Manuel
Alvarez-Solano; Sergio Cipri Bruce
Freijo y De Bedia, a/k/a
Carlos
Salgado-
Suarez, Appellants,
v.
UNITED STATES of America, Appellee.
 No. 25792.
 United States Court of Appeals Fifth Circuit.
 July 23, 1969.
 
 Aram P. Goshgarian, Miami Beach, Fla., for appellants.
 Donald I. Bierman, William A. Daniel, Jr., Asst. U.S. Attys., William A. Meadows, Jr., U.S. Atty., Robert L. Steuer, Asst. U.S. Atty., Miami, Fla., for appellee.
 Before WISDOM and CARSWELL, Circuit Judges, and ROBERTS, District judge.
 PER CURIAM:
 
 
 1
 Appellants seek reversal of their convictions on the ground that their oral admissions were obtained in violation of the constitutional standards set forth in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Appellants specifically contend that referral by the Federal Bureau of Investigation to appointed attorneys 'who are not easily accessible to defendants' fails to satisfy Miranda requirements and that because of a language barrier appellants were unable to understand their constitutional rights. The record on appeal reveals that the contentions are totally without merit and we affirm.
 
 
 2
 In the case of Armando Betancourt the trial court ruled that his confession was not obtained in full compliance with Miranda requirements and inasmuch as these appeals are based upon Miranda, Betancourt's appeal is moot.
 
 
 3
 Appellants were arraigned, tried and convicted on various charges ranging from assault to conspiracy to commit piracy. Appellants are all of Cuban extraction who speak and understand both Spanish and English. At the time the Federal Bureau of Investigation obtained statements the appellants were not under arrest but had voluntarily appeared before the agents after being contacted, with the exception of appellant Perez Montes de Oca who appeared without being asked. All the appellants were given instructions as to their constitutional rights, re Miranda v. Arizona, supra, both orally and in writing. All read written warnings in Spanish with the exception of appellant Perez Montes de Oca who declined to read the Spanish and chose to read the English copy instead. All the appellants affirmatively acknowledged that they understood their rights. The appellants were further advised of the address of the Chicago Federal Program of Defense where they could obtain counsel. The record reveals that at no time during the interviews did any of the appellants indicate that they were indigent nor, with the exception of De La Fe, did any of the appellants request an attorney. In De La Fe's case he declined to make a statement at the first interview and requested time to consult his lawyer and some friends. Upon returning the next day De La Fe was again informed of his rights and made a statement.
 
 
 4
 The record further revealed that all the appellants conversed with the Federal Bureau of Investigation agents in Spanish and English and that Spanish speaking agents were present to translate and did translate questions on a few occasions. Of all the defendants only De Bedia testified and then only in an attempt to show that he did not understand English. This attempt was completely discredited by De Bedia's own admissions upon cross-examination.
 
 
 5
 The burden of furnishing an attorney only attaches upon representation of an individual that he is indigent and that he wishes an attorney. The record here clearly shows that the appellants never made such representation.
 
 
 6
 The second point of this appeal concerns whether appellants sufficiently understood the Federal Bureau of Investigation agents to make their admissions admissible at trial. The record before this court is barren of any evidence that the appellants failed to fully understand their constitutional rights. The record reveals, without contradiction, that each appellant affirmatively acknowledged an understanding of the warnings given him. In such a case as stated by this Court in a per curiam opinion:
 
 
 7
 '* * * We cannot, at this appellate level, consider the appellant's contention that there should have been an affirmative determination that the accused fully understood the warning before the statement could be used against him. The law does not place any such burden on the government.' Morgan v. United States, 405 F.2d 497 (5 Cir. 1968).
 
 
 8
 Affirmed.