**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**W. Vaughn ELLSWORTH,**
**Defendant-Appellant.**

No. 75–3708.

United States Court of Appeals,
Ninth Circuit.

Dec. 28, 1976.

As Amended on Denial of Rehearing
Feb. 2, 1977.

Richard L. Basinger (argued), of Basinger & Associates, Scottsdale, Ariz., for defendant-appellant.

Michael B. Scott, Asst. U. S. Atty. (argued), Phoenix, Ariz., for plaintiff-appellee.

Before WRIGHT and WALLACE, Circuit Judges, and BURNS,* District Judge.

EUGENE A. WRIGHT, Circuit Judge:

Of the issues raised by the defendant-appellant, this is the most troublesome: Has one accused of a crime been wrongfully denied the assistance of appointed counsel, under the Sixth Amendment and the Criminal Justice Act [18 U.S.C. § 3006A (1970)] when he has refused to comply with the court's request to complete its Financial Affidavit form, CJA 23, as proof of indigency? We conclude that the defendant here was not impermissibly denied counsel.

He was convicted of one count of filing a tax return knowing it to contain false statements [26 U.S.C. § 7206(1) (1970)] and three counts of willfully failing to file income tax returns [26 U.S.C. § 7203 (1970)].

Ellsworth, an active tax protester, believes that laws relating to the United States monetary system are unconstitutional. He contends that a "constitutional dollar" is measured in grams of silver or gold and that Federal Reserve Notes are worthless paper. These misconceptions led to his submission of tax returns for 1969, 1970 and 1971 which gave no statistical information. They stated only that Ellsworth received no silver or gold dollars and was therefore unable to calculate his tax. Included with his returns were silver 25¢ and 50¢ coins.

At arraignment, he represented himself and explained that he had no funds with which to employ counsel. The court informed him of his right to appointed counsel but advised that it was Ellsworth's burden to establish indigency. The defendant subsequently filed a flood of motions, signed pro se, requesting *inter alia* subpoenas of witnesses at government expense, a copy of the transcript without charge and assistance of appointed counsel.

When the motions were heard, the court again told the defendant that he must establish indigency. The United States Attorney indicated that the government would challenge any assertion of inability to pay for an attorney. Ellsworth said he was willing to reveal his debts and to swear that he could not afford counsel but said that he might claim his Fifth Amendment privilege in response to certain questions. When instructed that to establish indigency he must complete the Financial Affidavit, [Form CJA 23] Ellsworth complied only in part.

The form is a standard questionnaire used in the United States District Courts. Those defendants requesting appointed counsel list upon it their assets and debts. Questions, simply stated, ask information related to employment, including monthly earnings, date of last employment if presently unemployed, earnings at that time, and employment and earnings of spouse. The affiant is also asked to give the nature and sources of other income, including interest, dividends, retirement benefits or annuity payments.

Ellsworth did not give the information relative to employment and other income and, instead, typed in those spaces: "Specific objection to question—5th Amendment." He did complete other parts of the form but, when asked for dollar amounts, he indicated with asterisks and a footnote that the numbers represented federal reserve notes.

In pertinent part, the Criminal Justice Act provides:

> Unless the defendant waives representation by counsel, the United States magistrate or the court, if satisfied after appropriate inquiry that the defendant is financially unable to obtain counsel, shall appoint counsel to represent him.

[18 U.S.C. § 3006A(b) (Supp. V, 1974)].

Form CJA was developed as a useful tool for appropriate inquiry into one's ability to obtain legal assistance. Without the infor-

---

* Honorable James M. Burns, United States District Judge of the District of Oregon, sitting by designation.

mation reasonably required, the trial court was well justified in concluding that Ellsworth had failed to establish indigency.

We have held that the burden of proof of financial status is on the defendant who seeks free appointed counsel. *United States v. Schmitz,* 525 F.2d 793, 795 (9th Cir. 1975). The defendant in that case offered a "conclusory affidavit of poverty" and an indication that he would claim a Fifth Amendment privilege if the court should probe further into his finances. The court characterized the claim as "a great and beneficial shield, but not much of a sword" where the defendant bears the burden of proof. *Id.* at 795. *Accord, United States v. Kaufman,* 452 F.2d 1202 (4th Cir.), *cert. denied,* 405 U.S. 989, 92 S.Ct. 1252, 31 L.Ed.2d 455 (1972) ("[Defendant] was told that he could have counsel if he was indigent, but he refused to execute an affidavit of financial status to establish his indigency. He was not, therefore, entitled to court-appointed representation . . .").

Ellsworth was well aware of his burden of proof and of the court's requirements. He was also given written assurance by an order of the court that information disclosed on the form could not be used for further tax prosecution. Defendant had expressed some fear of that. The judge's language was that the financial statement would be

> reviewed by this Court, *in camera,* for the sole purpose of determining Defendant's indigency. The contents therewith will be sealed after review, and will not be available to any agency of the United States for the purposes of tax prosecution. . . .

R.T. at 252.

Ellsworth is no unsophisticated or uneducated defendant who could possibly misunderstand the court's orders.[1] Between arraignment and trial he filed more than 40 motions with accompanying memoranda of

points and authorities with supporting affidavits. His papers show an extraordinary understanding of the law for a lay person, as does the quality of his pro se defense at trial.

Appellant contends that prejudicial statements were made by the judge at trial and constitute reversible error. We disagree. The record reveals that Ellsworth was treated liberally in his pro se defense. Rather than demonstrating prejudice, the quoted portions of the record to which appellant directs our attention indicate patience and consideration under difficult conditions with a pro se defendant. The judge's questions and statements in no way come close to those in *United States v. Schmitz,* 542 F.2d 782, 785 (9th Cir. 1976).

The other issues raised on appeal relate to alleged defects in the conduct of the trial, all of which must be charged to his pro se representation, and not to errors by the trial court. *See United States v. Dujanovic,* 486 F.2d 182, 188 (9th Cir. 1973) ("[O]ne of the penalties of . . . self-representation is that [the appellant] is bound by his own acts and conduct and held to his record."). *Accord, United States v. Trapnell,* 512 F.2d 10, 12 (9th Cir. 1975); *Hutter Northern Trust v. Door County Chamber of Commerce,* 467 F.2d 1075, 1079 (7th Cir. 1972).

This latest in a series of tax protester cases in this circuit is resolved as were the others. *United States v. Schmitz,* 542 F.2d 782 (9th Cir. 1976); *United States v. Gardiner,* 531 F.2d 953 (9th Cir. 1976); *United States v. Oaks,* 527 F.2d 937 (9th Cir. 1975); *United States v. Scott,* 521 F.2d 1188 (9th Cir. 1975). *See also Milam v. United States,* 524 F.2d 629 (9th Cir. 1974). We affirm on the merits.

However, the judgment and sentence provided that defendant be imprisoned for three years on each of the four counts, the

---

1. We were told at oral argument that he is in his 60's, has had some college training, served in Army Intelligence and attended seminars on tax avoidance.

sentences to run concurrently. The statute applicable to one count provides a maximum penalty of three years. [26 U.S.C. § 7206(1) (1970)]. The statute applicable to the other three counts provides but one year of imprisonment. [26 U.S.C. § 7203 (1970)].

We remand to the district court for correction of the sentence.