**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lula Mae HOBBS, Defendant–Appellant.**

No. 91–50524.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 1992.

Decided April 16, 1993.

Marilyn E. Bednarski, Asst. Federal Public Defender, Los Angeles, CA, for defendant-appellant.

Monica Bachner, Jeffrey S. Sinek, Asst. U.S. Attys., Los Angeles, CA, for plaintiff-appellee.

Before: FLETCHER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

KLEINFELD, Circuit Judge:

Lula Mae Hobbs was convicted of conspiracy to defraud the Internal Revenue Service, structuring financial transactions to evade currency reporting requirements, and money laundering. Under 26 U.S.C. § 6103(h)(5), she had a right to know whether any of the prospective jurors had been audited or investigated by the IRS.[1] The relevant statutory language is as follows:

(4) **Disclosure in judicial and administrative tax proceedings.**—A return or return information may be disclosed in a Federal or State judicial or administrative proceeding pertaining to tax administration, but only—

(A) [if] the taxpayer is a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability, in respect of any tax imposed under this title;

. . . .

(5) **Prospective jurors.**—In connection with any judicial proceeding described in paragraph (4) to which the United States is a party, the *Secretary shall respond to a written inquiry* from an attorney of the Department of Justice (including a United States attorney) involved in such proceeding or any person (or his legal representative) who is a party to such proceeding *as to whether an individual who is a prospective juror in such proceeding has or has not been the subject of any audit or other tax investigation* by the Internal Revenue Service. The Secretary shall limit such response to an affirmative or negative reply to such inquiry.

26 U.S.C. § 6103(h)(4)–(5) (emphases added). The statutory right was denied, and the presumption of prejudice was not overcome, so the conviction must be reversed.

I.  Facts.

According to the indictment, Hobbs repeatedly brokered real estate transactions for a narcotics dealer in Los Angeles. She arranged for the properties to be put in the names of straw men, and for multiple cashiers' checks to be purchased in amounts under $10,000 and used for payment. She was charged with money laundering, structuring financial transactions to evade currency reporting requirements, and conspiring to assist the leader of the narcotics operation to evade federal income taxes on his drug income. Although most of the other defendants eventually pleaded guilty, Hobbs and Yvonne Stribling went to trial.

Hobbs joined her codefendant in a motion for disclosure of whether prospective jurors had been audited or otherwise investi-

---

**1.** The district court published its opinion on the matters at issue in this appeal. *United States v.*

*Johnson,* 762 F.Supp. 275 (C.D.Cal.1991).

gated. The motion was renewed throughout the pretrial period and the trial. The court denied the motion on the ground that it was filed too late, under both the pretrial order setting a deadline for Rule 12 motions, and under the statute.

When first made, the motion was in the context of a multidefendant case, necessitating a very large panel of venirepersons. After most of the defendants pleaded guilty, the prospective trial was reduced to two defendants, and the venire to fifty persons.

On April 9, 1991, two weeks before trial, the venire was in the courthouse, and the jury clerk advised the trial court that it was possible to obtain the names, addresses, and social security numbers needed for the IRS computer search. The IRS advised that it could provide the information in eight working days. The court denied the renewed motion for untimeliness, but ordered that the clerk obtain the information needed for the search when the jury and alternates were selected, that the IRS computer search be performed on those persons selected as jurors and alternates, and that any juror for whom the IRS disclosed an audit or investigation could then be excused for cause.

On the first day of trial, the court ordered the government to provide audit and investigation histories for each of the jurors and alternates once the panel had been selected, and to go as far back as it could on the IRS computers. Hobbs requested a continuance, which was denied, so that she could have the information prior to voir dire. On voir dire, the court asked each venireperson whether he or she had ever been the subject of an audit or investigation. The juror whose prior involvement in an audit or investigation by the IRS is at issue on this appeal replied that he had not.

Three weeks later, the IRS produced the results of a search covering the years 1986–90. The search revealed that although the juror had not been audited, he had been the subject of an investigation. Hobbs moved to excuse him for cause, which should have been automatic under the court's prior order. The court, however, denied the motion, on the ground that Hobbs could not articulate any prejudice from retaining him on the panel. The juror would have known if he had been audited, but might have been investigated without his knowledge, so the difference between his answer and the IRS response did not necessarily mean that his answer had been knowingly false.

Although it related to jury selection, this last event took place after three weeks of trial, just before the case was submitted to the jury, so the judge and attorneys had all observed the jurors and alternates for some time, but voir dire was long past. The court took note of the apparent superiority of the juror challenged over the alternate who would replace him. Of the juror challenged, the judge observed that he seemed "very alert," "involved," "taking notes constantly," and "extremely truthful. . . . there is nothing to indicate that he knows he was investigated." The judge contrasted this with the attitude of the first alternate, who had been late several times, was "not … terribly attentive," and had a "toothpick that he has been waggling around in his mouth … quite inappropriately," "fancies a ponytail with never a coat and tie," and "could well be perceived to be a person who wants to run upstream, not downstream."

The judge had been skeptical throughout the proceedings of how an audit or investigation could prejudice a juror against the defense. Hobbs' codefendant had suggested that "some people who have gone through a negative experience take it out on other people that they don't know." In response to the judge's request to describe what prejudice there might be to the defense from leaving the juror on, Hobbs' attorney said that, in the absence of any inquiry about the discrepancy between the juror's answer and the IRS response, she could not identify prejudice and the court could not find that the juror was truthful. She and the judge agreed that an inquiry just before the case was submitted would be inappropriate.

Since the timing matters, we set out a schedule, to make this opinion easier to follow:

December 17, 1990—arraignment.

March 21, 1991—codefendant's motion for juror information (joined in by Hobbs, renewed repeatedly).

March 28, 1991—motion denied.

April 9, 1991—motion renewed while venire in courthouse; denied.

April 23, 1991—voir dire begins.

May 9, 1991—IRS discloses investigation of juror; motion to excuse juror denied.

May 15, 1991—renewed motion to excuse juror denied.

May 17, 1991—jury commences deliberation.

## II. Standard of Review.

■ We review the legal issue of whether a defendant has been denied his right to information on prospective jurors under 26 U.S.C. § 6103(h)(5) de novo. *See United States v. Hicks*, 947 F.2d 1356, 1358 (9th Cir.1991).

## III. Timeliness.

The district court denied the § 6103(h)(5) motion as untimely, under Federal Rule of Criminal Procedure 12 and under § 6103.

### A. Rule 12.

Hobbs concedes that her motion was filed after the cutoff for Rule 12 motions, but disputes whether her statutory claim was waived for that reason. Rule 12(b) allows certain matters capable of determination without trial to be raised before trial by motion. Some matters must be raised before trial, or else they are waived. Unless local rules provide otherwise, the district court may set a time for the making of pretrial motions. Rule 12 provides, in part:

**(b) Pretrial motions.** Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge. The following must be raised prior to trial:

(1) Defenses and objections based on defects in the institution of the prosecution; or

(2) Defenses and objections based on defects in the indictment or information (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings); or

(3) Motions to suppress evidence; or

(4) Requests for discovery under Rule 16; or

(5) Requests for a severance of charges or defendants under Rule 14.

**(c) Motion Date.** Unless otherwise provided by local rule, the court may, at the time of the arraignment or as soon thereafter as practicable, set a time for the making of pretrial motions or requests and, if required, a later date of hearing.

. . . .

**(f) Effect of Failure To Raise Defenses or Objections.** Failure by a party to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to subdivision (c), or prior to any extension thereof made by the court, shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver.

Fed.R.Crim.P. 12(b)–(f).

■ The motion to require the government to provide the information required by 26 U.S.C. § 6103 is not among those listed in 12(b) as matters which "must" be raised before trial. The only provision which might arguably apply is 12(b)(1), "defects ... in the institution of the prosecution." But we have already decided that "institution" means "the prosecutorial decision to commence the prosecution and the procedures followed in doing so," so "Rule 12(b)(1) defenses generally involve defects in the procedures leading up to the indictment." *United States v. Smith*, 866 F.2d 1092, 1097–98 (9th Cir.1989). "Rule 12 says nothing about the time for asserting

permissive pretrial matters...." *Id.* at 1095. The district court erred in determining that Hobbs' motion was untimely under Rule 12.

#### B. Section 6103 timeliness.

The disclosure statute does not address timeliness. We have addressed the issue, and determined that since a request to the Secretary of the Treasury "will take some time to process," the statute must envision that the defendant "will have to make a special request for early release of the jury list," and "will be given sufficient time to send the list to Washington, D.C. and to receive a reply." *United States v. Hashimoto*, 878 F.2d 1126, 1130, 1132 (9th Cir.1989).

We need not reach the question of whether the defense request was made sufficiently early to obtain audit and investigation information going back to a date prior to what could be obtained from the IRS computer. *See United States v. Sinigaglio*, 942 F.2d 581 (9th Cir.1991). The information obtained on the juror whom the defense sought to challenge could be obtained prior to trial. Stribling filed her motion four weeks before the trial date, and Hobbs joined Stribling's motion two weeks before the trial date. The changes of plea by other defendants had by then eliminated the need for a venire of 300 prospective jurors. *See United States v. Johnson*, 762 F.Supp. 275, 276 (C.D.Cal. 1991). On April 9, two weeks before the trial date, the government told the judge that the IRS could have the § 6103(h)(5) reports to the defense within eight days, if the judge would only order the clerk's office to identify a panel of seventy-five potential jurors and send the necessary information to the IRS. Other than the judge's refusal to issue an order to the clerk, no practical barrier prevented the government or the defense from obtaining the information in time to use it. The information on the juror at issue was retrieved from a computer database, without the need for a more extensive and time-consuming search.

#### IV. Applicability of § 6103.

The jury information on audits and other investigations need be provided only in a "proceeding pertaining to tax administration." 26 U.S.C. § 6103(h)(4). The government concedes that the conspiracy and structuring charges pertained to tax administration, but argues that the money laundering charge did not. The statutory definition of "tax administration" embraces assessment, collection, enforcement and litigation under laws governing the application of the internal revenue laws. 26 U.S.C. § 6103(b)(4)(B). The two money laundering counts charged transactions designed to conceal drug money, and the same conduct is described among the overt acts for the conspiracy. The government's evidence included testimony that the money laundering methods were common means of avoiding IRS detection of the real owners of the property. Thus, the evidence and charges in this case do not enable us to separate out the tax proceedings from others for purposes of the jury disclosure statute. We do not reach the question of whether, because she was tried before a single jury on all of the counts, Hobbs would have been entitled to take advantage of the statute even as to the counts not pertaining to tax administration.

#### V. Prejudice.

*Hashimoto* establishes that a significant risk of prejudice from denial of § 6103(h)(5) disclosure is presumed. *Hashimoto*, 878 F.2d at 1134. Reversal on account of denial is not automatic, but is required unless voir dire rebuts the inference. *Sinigaglio*, 942 F.2d at 583; *Hashimoto*, 878 F.2d at 1133–34; *cf. United States v. Hardy*, 941 F.2d 893 (9th Cir. 1991).

In *Hardy*, the juror information came back after voir dire was completed. *Hardy*, 941 F.2d at 895. The judge gave the defendant an automatic challenge to a juror who had said he had not been audited or investigated, but had been according to the IRS disclosure. *Id.* We held that the voir dire plus the automatic challenge rebutted the inference of prejudice. *Id.* at 896. In the case before us, the judge or-

dered something similar. *Johnson*, 762 F.Supp. at 279. But when the defendant tried to take advantage of the automatic strike the court had granted, to strike the juror who had been the subject of an "other investigation" but had said the opposite on voir dire, the court withdrew the offer and did not allow the strike.

The government argues that Hobbs could not have been prejudiced, because she kept other jurors who had been audited or investigated. We cannot accept that proposition. Hobbs might have exercised her peremptory challenges differently had she been given timely disclosure, and she did seek to excuse the juror at issue when disclosure was made. The judge observed that if he allowed the challenge, an assiduous notetaker would be replaced by an apparent nonconformist. This comment was inappropriate. Each juror, including the alternates, had been passed for cause. Prejudice from *failure* to disclose is presumed unless rebutted at voir dire. *Hashimoto*, 878 F.2d at 1134. When *late* disclosure by the IRS of an investigation contradicts information elicited at voir dire, the presumption cannot be rebutted except by untimely voir dire that in itself could be disruptive and prejudicial. The court and counsel agreed such voir dire would be inappropriate. Since the court's earlier denial of disclosure prevented timely voir dire which could have explored the discrepancy, and its later denial of the promised automatic challenge prevented removal of the juror, we are compelled to conclude that the presumption of prejudice was not overcome.

Since we reverse under § 6103(h)(5), we do not reach the other issues raised by Hobbs.

The judgment of the district court is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.