15 F.3d 1094
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee
v.
Jay Arnold RODE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee
v.
Judith A. RODE, Defendant-Appellants.
UNITED STATES of America, Plaintiff-Appellee
v.
Jill Ann SMITH, Defendant-Appellant.
 Nos. 92-10134, 92-10561, 92-10563 and 92-10565.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 13, 1994.*
Decided Feb. 2, 1994.
 
 1
 Before: SCHROEDER and NOONAN, Circuit Judges; JONES, District Judge**.
 
 
 2
 MEMORANDUM***
 
 
 3
 Jay Arnold Rode (Jay) and Judith A. Rode (Judith), and their daughter, Jill Ann Smith (Jill), appeal (1) their convictions for conspiracy to defraud the government and tax fraud, and (2) their motion to dismiss on double jeopardy grounds. We affirm.
 
 BACKGROUND
 
 4
 On September 4, 1991, a federal grand jury returned a six-count indictment against Jay, Judith and Jill. All three were charged with conspiring to defraud the government (18 U.S.C. Sec. 371); Jay was charged with willfully making and subscribing a false Collection Information Statement (Form 433-A) (26 U.S.C. Sec. 7206(1)); Jay and Judith were charged with willfully making and subscribing false tax returns for the 1985 and 1986 tax years (26 U.S.C. Sec. 7206(1)).
 
 
 5
 The district court, Strand, J., conducted a joint trial of the three defendants in March-April, 1992. The jury returned a verdict of guilty on all counts against all defendants. The district court sentenced Jay to five years' imprisonment, followed by five years' probation, and fined him $25,000. Jill and Judith were each sentenced to five years' probation, including one year of home detention; Jill was also fined $5,000.
 
 
 6
 This court has jurisdiction under 28 U.S.C. Sec. 1291.
 
 ANALYSIS
 Double Jeopardy
 
 7
 Whether a defendant's double jeopardy rights have been violated is a question of law, which this court reviews de novo. United States v. Horodner, 993 F.2d 191, 193 (9th Cir.1993).
 
 
 8
 All three of the appellants allege that under United States v. Halper, 490 U.S. 435 (1989), the federal prosecution was barred by the Double Jeopardy Clause, because the state of Oregon had earlier obtained an injunction, damages, litigation costs and attorneys' fees against them and the dual-sovereignty doctrine does not apply.
 
 
 9
 The Double Jeopardy Clause did not bar the federal prosecution. The Clause operates only to prevent multiple prosecutions of the same offense, and offenses are not the same where one has an element the other lacks. United States v. Dixon, 113 S.Ct. 2849, 2856, 2864 (1993). Here, the offenses were not the same, because proof of the Oregon offense (Ore.Rev.Stat. Secs. 166.720, 166.725) did not require proof of an agreement or of the filing of false tax returns.
 
 
 10
 Moreover, even if the conduct were the same, both the state and federal governments could separately punish it ( see Heath v. Alabama, 474 U.S. 82, 89 (1985)), so long as the prosecution by one sovereign were not a mere cover for a prosecution by the other ( Bartkus v. Illinois, 359 U.S. 121, 122-24 (1959)). Having reviewed all of the evidence to which appellants point as showing a violation of Bartkus, we conclude that the cooperation between the two sovereigns here was of the acceptable sort. See United States v. Figueroa-Soto, 938 F.2d 1015, 1018-20 (9th Cir.1991), cert. denied, 112 S.Ct. 1181 (1992).
 
 
 11
 Jay also seems to allege that an earlier action in Michigan initiated by the IRS barred this federal prosecution. Again, however, the barrier of Dixon proves insurmountable: while the earlier action concerned tax years 1980, 1982 and 1983, the prosecution at issue in this appeal was for tax years 1985 and 1986. The offenses were not the same; they could be prosecuted separately.
 
 Evidence From Prior Civil Litigation
 
 12
 Whether a defendant's fifth amendment right has been violated is reviewed de novo. United States v. Hill, 953 F.2d 452, 455 (9th Cir.1991).
 
 
 13
 Smith argues that her fifth amendment privilege was violated when Oregon investigator McLaughlin testified for the government based upon testimony Smith had given when deposed in the Oregon RICO case that resulted in Smith's being fined and otherwise sanctioned. Smith argues that her privilege was preserved by this stipulation at the inception of the deposition: "each party reserving the right to object, at the time of trial, to any question of answer as to the competency, relevancy or materiality thereof."
 
 
 14
 Smith's argument is meritless. In United States v. Jenkins, 785 F.2d 1387, 1392-93 (9th Cir.1985), cert. denied, 479 U.S. 855 (1986), this court found "frivolous" a defendant's claim that his fifth amendment right was violated when his civil deposition testimony was used against him at trial. "An individual may lose the benefit of the privilege inadvertently, without a knowing and intelligent waiver.... White did so when he gave his deposition." Id. at 1393 (citation omitted). Boilerplate stipulation designed to allow a party to object on evidentiary grounds at trial does not implicate the fifth amendment. See United States v. White, 846 F.2d 678, 690 (11th Cir.), cert. denied, 488 U.S. 984 (1988).
 
 
 15
 Jay alleges that the district court erred, because it "allowed civil suit information to be presented and then disallowed it and then allowed civil evidence to be presented." While Jay's argument is difficult to follow, Jay does not appear to have alleged error. See United States v. Vaccaro, 816 F.2d 443, 452 (9th Cir.1986), cert. denied, 484 U.S. 914, 928 (1987).
 
 
 16
 Finally, as to Jay's allegation of a fifth amendment violation based on the government's introduction of Smith's deposition testimony: Jay has no standing to assert the fifth amendment privilege of another ( United States v. Ward, 989 F.2d 1015, 1020 (9th Cir.1993), and furthermore, the court instructed the jury to consider Smith's prior statements only against Smith.
 
 Denial of Discovery
 
 17
 The district court's discovery rulings are reviewed for an abuse of discretion ( United States v. Mandel, 914 F.2d 1215, 1219 (9th Cir.1990)), as are admissions under Fed.R.Evid. 404(b) ( United States v. Mundi, 892 F.2d 817, 820 (9th Cir.1989), cert. denied, 498 U.S. 1119 (1991)).
 
 
 18
 Jay and Judith allege that the government violated both Fed.R.Evid. 404(b) and the district court's order requiring the government to give 48 hours' notice of its intent to introduce any evidence of "other crimes, wrongs or acts." The twain particularize their allegations only by an attempt to incorporate Judith's New Trial Motion. Such incorporation by reference would violate Ninth Cir.Rule 28-3.2, and without it the allegations are fatally vague. Moreover, even if the court were to reach the merits of the claims as incorporated, there would be no relief for Jay and Judith, because they cannot show the plain error and resulting prejudice required under United States v. Olano, 113 S.Ct. 1770, 1776-78 (1993). The incantation of metaphors about bells and their unringing is unavailing.
 
 
 19
 As for Jay's allegation that the government improperly refused to provide him with his I.R.S. Form 93, etc., Jay has not shown error. The district court found that the government had disclosed the required material; Jay has not shown the district court's determination was in error; and Jay has not shown the relevance of the additional items.
 
 Sufficiency of the Evidence
 
 20
 In reviewing the sufficiency of the evidence, this court must determine whether any rational trier of fact, viewing the evidence in the light most favorable to the government, could have found the essential elements of the crime beyond a reasonable doubt. United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992).
 
 
 21
 Both Jay and Judith challenge the sufficiency of the evidence supporting their conspiracy convictions. Evidence to support a conspiracy conviction is sufficient where there was evidence of overt acts and other acts to support an inference that there was an agreement. United States v. Thomas, 887 F.2d 1341, 1347 (9th Cir.1989). We find the evidence sufficient with respect to both Jay and Judith: the record abounds with Jay's overt acts and acts giving rise to an inference of an agreement, and while the evidence with respect to Judith is less abundant, she was one of the two signatories on the Bahamas bank account and in 1984 she deposited six $1000 checks to that account. The evidence was sufficient.
 
 
 22
 Jay and Judith also contend that their convictions of willfully making and subscribing false tax returns in 1985 and 1986 cannot stand, because they had a good faith belief in their accuracy. We are unpersuaded. There was evidence that Jay was trying to avoid paying taxes, and there was evidence that could have caused the jury to disbelieve Judith's story that she had a good faith belief in the returns' accuracy.
 
 Counsel
 
 23
 This court reviews de novo a defendant's claim that his sixth amendment right to counsel was violated. United States v. Lucas, 873 F.2d 1279, 1280 (9th Cir.1989).
 
 
 24
 We have carefully reviewed Jay's argument as to how he was denied counsel, and we find it without merit. The district court demonstrated remarkable patience and flexibility in dealing with Jay, and still Jay would not comply with the acceptable procedure adopted by the district court. United States v. Ellsworth, 547 F.2d 1096, 1097-98 (9th Cir.1976), cert. denied, 431 U.S. 931 (1977), is dispositive.
 
 Jury Selection
 
 25
 This court reviews de novo a defendant's claim that he was denied the right to know whether prospective jurors were audited or investigated by the IRS. United States v. Hobbs, 991 F.2d 569, 572 (9th Cir.1993). It reviews claims regarding the substitution or empanelment of alternate jurors for an abuse of discretion. United States v. Mullins, 992 F.2d 1472, 1478 (9th Cir.), cert. denied, 113 S.Ct. 2997 (1993).
 
 
 26
 As to Jay's allegation that the district court "failed to follow the Hirishmo (sic) case by bringing in unscreened jurors," we find no error. United States v. Hardy, 941 F.2d 893, 895-96 (9th Cir.1991) is controlling. United States v. Hashimoto, 878 F.2d 1126 (9th Cir.1989) is inapposite, because there the district court's voir dire was general and not designed to elicit information about attitudes toward and dealings with the IRS. See Hardy, 941 F.2d at 896.
 
 
 27
 Jay's other allegations of error in connection with the jury are likewise meritless.
 
 Sentencing
 
 28
 Because Jay did not object to his sentence at the district court, we review only for error that is plain and that affects substantial rights. Fed.R.Crim.P. 52(b); United States v. Olano, 113 S.Ct. 1770, 1776-78 (1993). We find no such error. The acts alleged show a conspiracy that operated prior to November 1, 1987, in which case the Guidelines do not apply ( see United States v. Gray, 876 F.2d 1411, 1418 (9th Cir.1989), cert. denied, 495 U.S. 930 (1990)). We note, finally, that a Guidelines sentence likely would have been more onerous than the pre-Guidelines sentence Jay received.
 
 CONCLUSION
 
 29
 Because a careful review of all of appellants' contentions has shown them to be meritless, the judgments of the district court must be AFFIRMED.
 
 
 
 *
 With respect to appellant Jay Arnold Rode alone the case was ordered submitted on the briefs
 
 
 **
 Honorable Robert E. Jones, United States District Judge, District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3