UNITED STATES OF AMERICA, Petitioner–Appellee,

v.

William A. GARRETT, Respondent–Appellant.

No. 99–56226.

D.C. No. CV–97–7511–RSWL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2001.

Decided Feb. 28, 2001.

574

Before D.W. NELSON,
O'SCANNLAIN, and KLEINFELD,
Circuit Judges.

## MEMORANDUM *

William Garrett appeals the district court's order finding him in civil contempt for refusing to respond to an IRS summons. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Garrett argues that he is not required to comply with the summons because providing the information requested would force him to incriminate himself in violation of the Fifth Amendment. He claims that the district court abused its discretion by failing to hold an in camera hearing to determine whether the Fifth Amendment privilege applied. But Garrett did not suggest any facts tending to show that the risk of self-incrimination was "real and appreciable." *United States v. Rendahl,* 746 F.2d 553, 555 (9th Cir.1984). His only claim was that his responses could be used in a prosecution for willful failure to file a tax return, but that charge is barred by statute of limitations. *See* 26 U.S.C. § 6531(4) (West 2000).

Garrett next argues that he was entitled to counsel in the contempt hearing and that the district court should have conducted an in camera review to determine whether he qualified for court-appointed counsel. The district court could have eliminated this argument by responding to Garrett's concern that providing the summoned information would incriminate him. Although a party appearing pro se is presumed to know the law, in light of the Revenue Officer's statement suggesting that the information could be used against him, it was the district court's responsibility to (1) explain why Garrett could not show a "real and appreciable" danger of self-incrimination and (2) give Garrett an opportunity to make a statement under oath that he was indigent, rather than simply assuming that he would refuse to do so and summarily denying his request for counsel. The failure to engage in further dialogue with Garrett does not, however, render the contempt order an abuse of discretion given the clear evidence that there was no "real and appreciable" danger of self-incrimination.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36–3.

The burden is on Garrett to show that he is entitled to appointed counsel. *United States v. Ellsworth,* 547 F.2d 1096, 1098 (9th Cir.1977). Garrett presented no evidence that he qualified for appointed counsel. He never once stated that he could not afford private counsel and presented no colorable claim of a Fifth Amendment privilege in his financial information that would entitle him to in camera review. Cf. *United States v. Gravatt,* 868 F.2d 585, 590 (3rd Cir.1989) (where defendant asserts a colorable Fifth Amendment-based refusal to complete a financial affidavit, the district court must either conduct in camera review of the financial data or grant use immunity).

AFFIRMED.