**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rodger Joel ALDRIDGE, Defendant–Appellant.**

No. 97–10042, 00–10455.

D.C. No. CR–94–018–PHX–EHC.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 9, 2001 *.

Decided Nov. 14, 2001.

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, RYMER, and WARDLAW, Circuit Judges.

MEMORANDUM **

Rodger Joel Aldridge ("Aldridge") appeals from his conviction by a jury in district court for five counts of being a felon in possession of firearms, possession of an unregistered firearm, possession of a firearm without a serial number, and unlawful making of a firearm. He argues that he was denied his Sixth Amendment right to counsel and that the district court erred in finding him competent to stand trial. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Aldridge was not denied his Sixth Amendment right to counsel during the three month pre-trial period after the court had terminated the Federal Public Defender and before it had appointed other counsel. The court properly declined to appoint counsel because Aldridge, claiming his Fifth Amendment privilege, refused to complete the financial affidavit required by the Criminal Justice Act, 18 U.S.C. § 3006A. Aldridge thus failed to meet his burden of showing he was indigent. *See United States v. Ellsworth*, 547 F.2d 1096, 1098 (9th Cir.1976) (holding that "the burden of proof of financial status is on the defendant who seeks free appointed counsel").

■ Nor was Aldridge denied his right to counsel during trial when he exercised his constitutional right to self-representation. *See Faretta v. California*, 422 U.S. 806, 819, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) ("The Sixth Amendment ... grants to the accused personally the right to make his defense."). We review de novo whether a defendant's waiver of his right to counsel was valid. *United States v. Springer*, 51 F.3d 861, 864 (9th Cir.1995). Because, as discussed below, Aldridge was competent to stand trial, he could validly waive his Sixth Amendment right to counsel. *See Godinez v. Moran*, 509 U.S. 389, 398, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993) (holding that the competence required to waive the right to counsel is the same as the competence to stand trial). His waiver was also knowing, intelligent, and unequivocal. The district court fully informed Aldridge of the charges, the possible penalties, and the disadvantages of self-representation, and Aldridge nevertheless persisted in waiving his right. *See United States v. Farhad*, 190 F.3d 1097, 1100 (9th Cir.1999) (per curiam) (discussing the requirement that a waiver be knowing, intelligent, and unequivocal). The district court also appointed standby

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as 9th Cir. R. 36–3 may provide.

counsel to assist Aldridge during trial. Overall, the record shows that the court expended enormous effort to ensure that Aldridge had effective representation.

The district court's finding that Aldridge was competent to stand trial was not clearly erroneous. *See United States v. Timbana*, 222 F.3d 688, 700 (9th Cir. 2000) (reviewing the determination that a defendant is competent to stand trial for clear error). Although the examinations by two psychologists were inconclusive because Aldridge refused to speak to them, all the other evidence pointed to a finding of competence. At the competency hearing, Aldridge's cousin and girlfriend testified that Aldridge communicated with each of them without difficulty, had performed government contracts as a mechanical engineer, attended computer classes, and owned and managed rental property. Although this fact does not enter into our determination, we note that Aldridge secured an acquittal on one count of possession of a firearm without a serial number.

After searching the record, we find no issues that could support Aldridge's appeal from the district court's order revoking his supervised release and imposing a ten-month sentence. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The district court's order is therefore

AFFIRMED.