Kenneth **WOOD**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 23366.

United States Court of Appeals
Fifth Circuit.

Dec. 19, 1967.

Rehearing Denied Feb. 14, 1968.

Clay C. Long, Atlanta, Ga., for appellant.

F. D. Hand, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before BROWN, Chief Judge, and GOLDBERG and AINSWORTH, Circuit Judges.

PER CURIAM.

In this matter, which involves the conviction of defendant Wood for refusing to report for civilian employment in violation of the Universal Military Training and Service Act, 50 U.S.C. App. § 462, the Supreme Court, by per curiam dated October 16, 1967, 389 U.S. 20, 88 S.Ct. 3, 19 L.Ed.2d 20, granted Wood's petition for certiorari, vacated the judgment and remanded the case to the Court of Appeals for the Fifth Circuit "for reconsideration in light of the Solicitor General's Memorandum and the relevant criteria of the Criminal Justice Act."

Before trial below the District Court disapproved defendant's request to appoint counsel pursuant to the Criminal Justice Act, which was supported by his sworn financial statement, not being satisfied that defendant was entitled to counsel under the standards of the Act. He was therefore tried without counsel before the Court alone, the jury having been waived, and found guilty. However, on appeal in forma pauperis to this Court, we assigned counsel to assist the defendant in his appeal and affirmed the conviction. (373 F.2d 894.)

In the Supreme Court's per curiam, it is pointed out that "the Solicitor General has conceded that the record does not convincingly show that there was adequate inquiry into the question of petitioner's financial ability to retain counsel, in that 'the trial court should have explored the possibility that petitioner could afford only partial payment for the services of trial counsel and that counsel be appointed on that basis, as the Criminal Justice Act permits (see 18 U.S.C. § 3006(A) (c) and (f)).' "

We have therefore reconsidered the case without further briefs or argument,

which we deem unnecessary, in the light of the Supreme Court's per curiam and are of the belief that agreeably thereto, the case should be remanded to the District Court in order that it may make a full inquiry in the manner of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), into the financial ability of the defendant to retain counsel and in order that the trial court may also fully explore the possibility that the defendant could afford only partial payment for the services of trial counsel. Should it appear to the trial court, after a full exploration of the matter, that the defendant did not have the financial ability to retain counsel under the standards of the Criminal Justice Act, or that he could afford only partial payment for the services of trial counsel, the District Court is directed to appoint counsel and grant the defendant a new trial. On the other hand, should it appear that defendant did have the financial ability to retain counsel, the Court should render its decision accordingly and certify the result with accompanying findings of fact and conclusions of law to this Court.

Remanded to the District Court for further consideration consistent with this opinion.