**Willie SAMUEL, Defendant-Appellant,**

v.

**UNITED STATES of America, Plaintiff-Appellee.**

**No. 27504.**

United States Court of Appeals Fifth Circuit.

Dec. 9, 1969.

* Sitting by designation.

**372**

Willie Samuel, pro se.

Floyd M. Buford, U. S. Atty., Walker P. Johnson, Jr., U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

PER CURIAM:

This is an appeal from a denial of a motion to vacate a sentence pursuant to 28 U.S.C. § 2255 by the District Court for the Middle District of Georgia. We reverse and remand.

Samuel was convicted upon a trial by jury on two counts of failing to keep his local draft board informed as to his current address and failing to report for induction in violation of 50 U.S.C.App. § 462, and was sentenced on November 21, 1968, to concurrent sentences of thirty months on each count.

In his motion to vacate, Samuel alleges that he was denied representation by counsel at his trial and sentencing as provided for by the Criminal Justice Act of 1964, 18 U.S.C. § 3006A,[1] although he requested the District Court to appoint counsel for him. The District Court denied the motion to vacate without a hearing, stating, "[a]fter inquiry [at the time of arraignment] the Court determined that the petitioner was not an indigent person within the meaning of the [Criminal Justice] Act and was not entitled to have counsel appointed to represent him". The District Court further states that Samuel was given several days to employ counsel, but had not done so by the time his case came to trial and represented himself at the trial.

The trial judge informed Samuel of his right to counsel during arraignment and after placing Samuel under oath inquired as to whether he was financially unable to obtain counsel. Samuel responded by stating that he was employed as a truck driver in Tampa, Florida, at a weekly salary of between $85 and $90, that he had no dependents and did not have any property or money. On this basis, the District Court declined to appoint counsel. Samuel requested that counsel be appointed for him at the arraignment, did not retain counsel thereafter, and presented his own defense at the trial. Samuel in no way waived his rights under the Criminal Justice Act. On February 20, 1969, the District Court entered an order authorizing Samuel to appeal in forma pauperis.

Under these facts, we believe that Samuel was financially unable to obtain counsel and that counsel should have been appointed for him under the Criminal Justice Act by the District Court. Accordingly, we reverse the District Court's order denying Samuel's motion to vacate his sentence and remand this matter to the District Court for a new trial.

Reversed and remanded.

1. The relevant part of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A provides:

(b) Appointment of counsel.—In every criminal case in which the defendant is charged with a felony or a misdemeanor, other than a petty offense, and appears without counsel, the United States magistrate or the court shall advise the defendant that he has the right to be rep-
resented by counsel and that counsel will be appointed to represent him if he is financially unable to obtain counsel. Unless the defendant waives the appointment of counsel, the United States magistrate or the court, if satisfied after appropriate inquiry that the defendant is financially unable to obtain counsel, shall appoint counsel to represent him. * * *