567 F.2d 839
 78-1 USTC P 9195
 UNITED STATES of America and Patrick L. Doyle, Revenue Agent
of the Internal Revenue Service, Appellees,
v.
Donald V. ANDERSON, as President of Don Anderson
Construction, Inc., Appellant.
 No. 76-1900.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Aug. 22, 1977.
Decided Dec. 29, 1977.
 
 William F. Clayton, U. S. Atty., and Robert D. Hiaring, Asst. U. S. Atty., Sioux Falls, S. D., filed brief, for appellees.
 Donald V. Anderson, pro se.
 Before HEANEY, ROSS and HENLEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is the second time that this matter has been before this Court. In our previous opinion, we held that if Donald V. Anderson was indigent, he was entitled to have counsel appointed to defend him against a charge of civil contempt. United States v. Anderson, 553 F.2d 1154 (8th Cir. 1977). We remanded the case to the trial court for a determination of whether or not Anderson was indigent.
 
 
 2
 Pursuant to our mandate, the trial court held a hearing on July 15, 1977.[1] Anderson again proceeded pro se but the trial court did appoint an attorney to advise Anderson with respect to the proceeding to determine if he was indigent. Anderson brought no records to the hearing, nor did he in any way attempt to show that he was indigent. He also stated that he did not have time to fill out the standard form affidavit, for proceeding in forma pauperis, as he was devoting his time to an attempt to intervene in related cases where the I.R.S. was seeking to obtain Anderson's records from various banks. The trial court indefinitely continued the hearing so that Anderson could confer with the counsel that had been appointed.[2]
 
 
 3
 Anderson subsequently filed an affidavit stating that he was indigent with the trial court, but it contained no financial information. The affidavit, along with the accompanying letter by appointed counsel, stated that the standard form affidavit for proceeding in forma pauperis requested information which related to the underlying cause of action. He refused to fill out the affidavit because to do so would be in violation of his Fifth Amendment right against self-incrimination. The trial court found that Anderson had failed to demonstrate that he was indigent.
 
 
 4
 Once Anderson indicated an inability to employ private counsel, the trial court "was under a duty to make further inquiry, by whatever means appropriate, into appellant's financial condition in order to satisfactorily determine whether * * * he could in fact afford to employ an attorney." United States v. Cohen, 419 F.2d 1124, 1127 (8th Cir. 1969) (emphasis included in the original). The trial court sought to do so here by requesting that Anderson fill out the standard form affidavit for proceeding in forma pauperis and by appointing an attorney to advise him with respect to the preparation of the affidavit. Anderson, however, refused to fill out the standard form affidavit because some of the information requested might aid in future tax prosecution. He argues persuasively that he should not be forced to give up his Fifth Amendment right against self-incrimination in order to secure his Sixth Amendment right to counsel.
 
 
 5
 We recognize that Anderson does have the burden of proving his indigency in order to be entitled to the appointment of counsel. United States v. Ellsworth, 547 F.2d 1096, 1098 (9th Cir.), cert. denied, 431 U.S. 931, 97 S.Ct. 2636, 53 L.Ed.2d 247 (1977); United States v. Schmitz, 525 F.2d 793, 795 (9th Cir. 1975); United States v. Kaufman, 452 F.2d 1202 (4th Cir. 1971), cert. denied, 405 U.S. 989, 92 S.Ct. 1252, 31 L.Ed.2d 455 (1972). Under most circumstances, the defendant is, thus, required to disclose the financial information requested by the standard form affidavit. Under the circumstances present here, however, the trial court should have given Anderson an opportunity to disclose the required financial information to the trial court for it to review in camera.[3] United States v. Ellsworth, supra at 1098. After review by the trial court, the financial data should be sealed and not made available for the purpose of tax prosecution. Id. To hold otherwise would force Anderson to choose between his Sixth Amendment right to counsel and his Fifth Amendment right against self-incrimination. Such a choice is constitutionally impermissible. See United States v. Branker, 418 F.2d 378, 380 (2d Cir. 1969). Cf. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).[4]
 
 
 6
 Accordingly, we again remand the case to the trial court for further proceedings as directed in this opinion.
 
 
 7
 ROSS, Circuit Judge, dissenting.
 
 
 8
 I would dismiss the appeal.
 
 
 
 [1]
 The matter was heard by Andrew W. Bogue, United States District Judge for the District of South Dakota. Fred J. Nichol, United States District Judge for the District of South Dakota, disqualified himself because he had heard the original contempt proceedings
 
 
 [2]
 The trial court did proceed with the related cases involving bank records and permitted Anderson to intervene. On July 25, 1977, it subsequently ordered the banks to produce the records
 
 
 [3]
 In United States v. Ellsworth, 547 F.2d 1096 (9th Cir.), cert. denied, 431 U.S. 931, 97 S.Ct. 2636, 53 L.Ed.2d 247 (1977), the Ninth Circuit held that the defendant was not denied his right to counsel when he claimed the Fifth Amendment and refused to fully fill out the standard form affidavit. However, in Ellsworth, the trial court had given the defendant written assurance that the financial statement would be
 reviewed by this Court, in camera, for the sole purpose of determining Defendant's indigency. The contents therewith will be sealed after review, and will not be available to any agency of the United States for the purposes of tax prosecution(.)
 Id. at 1098.
 
 
 [4]
 In Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), the Supreme Court held that a defendant's testimony at a pretrial hearing on a motion to suppress may not be used against him at trial. It reasoned that to hold otherwise would condition the exercise of a claim under the Fourth Amendment on the waiver of the Fifth Amendment privilege against self-incrimination. Id. at 391, 394, 88 S.Ct. 967. The Second Circuit has extended the Simmons rationale to exclude, at trial, testimony which the defendant had given at a hearing on his application to proceed in forma pauperis. United States v. Branker, 418 F.2d 378 (2d Cir. 1969). The Supreme Court has not yet considered this issue. United States v. Kahan, 415 U.S. 239, 243, 94 S.Ct. 1179, 39 L.Ed.2d 297 (1974)