**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gray MOORE, Jr., Defendant-Appellant.**

No. 81–1374

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 22, 1982.

Rehearing Denied May 20, 1982.

Ross H. Hemphill, Dallas, Tex. (Court-appointed), for defendant-appellant.

Rebecca Gregory, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellant, Gray Moore, Jr., was convicted of misdemeanors in failing to file tax returns from which taxes could be computed for the tax years 1975 and 1976, and for claiming nine exemptions on a W-4 form submitted to his employer when he was only entitled to one. The returns which he had filed for 1975 and 1976 instead of stating the requisite money amounts and computations were simply marked "Fifth Amendment" at the critical points. Moore was sentenced to three concurrent one-year terms.

Acting *pro se*, appellant before both the magistrate and the district court stated that he was unable to hire an attorney. He refused to complete CJA Form 23, "Financial Affidavit in Support of Request for Attorney," because he claimed it would require him to relinquish his Fifth Amendment rights against self-incrimination. The district court stated to appellant:

Well, you've either got to fill out that form or hire a lawyer. Now which are you going to do?

The defendant did neither and was tried without a lawyer.

After the conviction, the court denied defendant's timely motion for a new trial which raised the issue of the failure to appoint counsel and the fair trial issue of a trial without counsel. The court appointed counsel to represent defendant on this appeal.

The sole issue in this case is whether the district court had the authority to require the accused to fill out CJA Form 23, "Financial Affidavit in Support of Request for Attorney," or to deny appointment of counsel and force defendant to go to trial without counsel. We hold that the absolute requirement of the district court that CJA Form 23 be filled out before the court will consider the appointment of counsel is in violation of the rights of the accused under the United States Constitution, Sixth Amendment, and the Criminal Justice Act, 18 U.S.C. § 3006A(b).

A constitutional issue as yet unresolved is raised in cases where persons are charged with failure to pay their income taxes and at the same time are required to furnish financial data to establish inability to afford counsel for their defense. *United States v. Peister*, 631 F.2d 658, 662 (10th Cir. 1980), *cert. denied*, 449 U.S. 1126, 101 S.Ct. 945, 67 L.Ed.2d 113 (1981), involved the refusal of the defendant to complete the required financial affidavit. The Court indicated that it was sufficient unto the day when the government might attempt to use the information against the defendant in a prosecution for the Court to rule on this constitutional issue. In the meantime, the Court indicated that the financial affidavit had to be completed.

The Eighth Circuit in *United States v. Anderson*, 567 F.2d 839, 840 (1977), while conceding that the defendant has the burden of proving inability to afford counsel, went on to indicate that an accused caught in the dilemma should be given the opportunity to disclose the information to the court in camera, following which the data should be sealed and not be made available for the purpose of prosecution.

But this case falls short of requiring us to reach the basic constitutional issue. The district court did make a cursory inquiry of defendant Moore concerning his financial status. The following colloquy took place:

COURT: Now do you have the money to pay a lawyer?

DEFENDANT: I do not.

COURT: Well, you own your house, don't you?

DEFENDANT: I do not own a house.

COURT: How about your automobile?

DEFENDANT: I do not own an automobile. Never have.

In addition, the information filed against the defendant indicated that he had received gross income of $6,551.87 in 1975 and $4,377.97 in 1976. This amount of income alleged by the government, together with the colloquy between the court and the defendant, laid most of a foundation to establish sufficient evidence for a finding that the accused could not afford to hire counsel.[1] It would have taken little more for the court to have established enough of the overall personal circumstances of the defendant to make a finding of the necessity for counsel. As we said in *Wood v. United States*, 387 F.2d 353, 354 (5th Cir. 1967), *on remand from* 389 U.S. 20, 88 S.Ct. 3, 19 L.Ed.2d 20 (1967), the trial court should make a "full inquiry in the manner of *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), into the financial ability of the defendant to retain counsel. . . ."

CJA Form 23 is not a required statutory form. It is an administrative tool used to assist the court in appointing counsel. In addition, the Congress was careful in the Criminal Justice Act of 1964 to avoid the use of the term "indigent" in setting the standard under which counsel must be appointed for financial reasons, even though the courts often use "indigency" as a shorthand expression to describe the problem of the appointment of counsel for those who cannot afford to hire counsel. Instead of using the word "indigent" the statute refers simply to the court being "satisfied after appropriate inquiry that the defendant is financially unable to obtain counsel, . . ." Section 3006A(b). 8B Moore's Federal Practice ¶ 44.05[2]; 3 Wright, Federal Practice & Procedure § 732.

Because of the specific requirement placed upon the defendant by the district court that the particular form had to be filled out, we find that it was an abuse of discretion for the district court not to pursue further the matter of financial need for the appointment of counsel.

Whether or not the record would reveal trial errors constituting prejudice to defendant's case we must reverse on the basis of a *per se* prejudice rule, *Glasser v. United States*, 315 U.S. 60, 75, 62 S.Ct. 457, 467, 86 L.Ed. 680 (1942); *Argersinger v. Hamlin*, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972). The district court must first make adequate inquiry into the need for the appointment of counsel, with appropriate findings. There must be a new trial whether the court finds that the defendant is or is not entitled to appointment of counsel under 18 U.S.C. § 3006A(b). The defendant was prejudiced in the prior trial by the mere fact that the district court refused to appoint counsel without making adequate inquiry into the need to appoint counsel, since the court improperly demanded that the defendant fill out a CJA Form 23 before the court would further consider the appointment of counsel.

REVERSED.

---

1. *Samuel v. United States*, 420 F.2d 371 (5th Cir. 1969), involved a truck driver who made $85–$90 a week and owned no property. In reversing the lower court we held that he was financially unable to obtain counsel and counsel should have been appointed for him under the Criminal Justice Act.