**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James M. FOSTER, M.D.,**
**Defendant–Appellant.**

No. 88–4360.

United States Court of Appeals,
Fifth Circuit.

Feb. 28, 1989.
Rehearing Denied March 29, 1989.

Richard A. Tonry, Chalmette, La., for defendant-appellant.

Thomas W. Dawson, Asst. U.S. Atty. and Robert Q. Whitwell, U.S. Atty., Oxford, Miss., for plaintiff-appellee.

Before WISDOM, GARWOOD and DAVIS, Circuit Judges.

WISDOM, Circuit Judge:

This appeal involves the question whether the defendant understood his right to have counsel appointed to represent him at trial and voluntarily and knowingly waived his right.

In February 1987 a grand jury returned a six-count mail fraud indictment against James M. Foster, M.D., an anesthesiologist, charging him with filing false medicare claims for anesthesia services on 27 eye operations between October 17, 1983 and November 9, 1983. The United States charges that he performed no services during the operations. Dr. Foster, represented by counsel, entered a not guilty plea at his arraignment on March 31, 1987.

The court scheduled the case for trial on June 8, 1987. About two weeks before trial, defense counsel requested a continuance because he had been ill and needed additional time to prepare for trial. The court granted the continuance and reset the trial date for July 27, 1987. About one month before the day set for the trial, on June 22, 1987, defense counsel filed a motion to withdraw. Dr. Foster asked that his attorney be dismissed and that he be given additional time in which to hire counsel. The court granted a second continuance with the understanding that Dr. Foster would attempt to secure counsel but might represent himself at trial. In accordance with Dr. Foster's specific request, the court rescheduled the trial date for January 20, 1988.

On September 30, 1987, however, on its own initiative, because the defendant had no counsel of record, the court conducted a hearing to determine Dr. Foster's financial ability to retain counsel. At the conclusion of the hearing, Dr. Foster informed the court that he had never entertained the idea of representing himself as "indigent" or of requesting the court to appoint an attorney for him. Several times during the hearing Dr. Foster specifically rejected the court's offer to conduct an in-depth indigency hearing. Moreover, Dr. Foster stated unequivocally that he did not request the court to appoint an attorney based on his indigency. Five days before trial Dr. Foster requested a third continuance on the ground that he recently had received some money owed to him and that he had spoken with two attorneys who were considering representing him. The court denied this third request for a continuance. The jury convicted Dr. Foster on all six counts. We affirm.

The defendant contends that his Sixth Amendment right to counsel was violated. He argues that his waiver of his right to appointed counsel was ineffective because the court did not explain and he did not understand that under Fed.R. Crim.P. 44(a) and 18 U.S.C. § 3006A(b) the standard for appointing counsel is a defendant's "financial inability" to obtain counsel rather than "indigency." Financial inability to obtain counsel is, of course, a less stringent requirement than is indigency.[1] We are mindful, however, that courts often, as did the trial court in this case, use the term "indigency" as a shorthand expression to refer to a defendant's financial inability to hire counsel.[2] Although the trial judge in this case used the term "indigency" instead of "financial inability", the record shows that the defendant understood his right to have appointed counsel and knowingly and intelligently waived his

1. *U.S. v. Moore* 671 F.2d 139 (5th Cir.1982), *cert. denied,* 464 U.S. 859, 104 S.Ct. 183, 78 L.Ed.2d 163 (1983); *U.S. v. de Hernandez,* 745 F.2d 1305, 1310 (10th Cir.1984); *U.S. v. Harris,* 707 F.2d 653 (2d Cir.), *cert. denied,* 464 U.S. 997, 104 S.Ct. 495, 78 L.Ed.2d 688 (1983).

2. *U.S. v. Moore,* 671 F.2d 139, 141 (5th Cir.1982), *cert. denied,* 464 U.S. 859, 104 S.Ct. 183, 78 L.Ed.2d 163 (1983). *See, e.g., Davis v. Page,* 618 F.2d 374, 382 (5th Cir.1980); *U.S. v. Nichols,* 841 F.2d 1485, 1504 (10th Cir.1988).

right. The defendant seemed to be principally concerned with finding a lawyer he could be "comfortable with", although he was also looking for one whose fee he could afford.

At the September 30 hearing, the following colloquy occurred between the defendant and the court:

> **The Court:** The purpose of this hearing, Dr. Foster, is to determine what your plans are to go forward with this case. Now, as far as having counsel represent you or not, I would like to hear your statement to the court at this time.
>
> **The Defendant:** I have not been able to find any one which I feel comfortable with representing me as an attorney. That is certainly that I can afford.
>
> **The Court:** What is your income and expenses and obligations?
>
> **The Defendant:** Well I earn about sixteen thousand dollars a year, sometimes eighteen thousand. It depends.... Most of it goes to living expenses and overhead and child support.
>
> .  .  .  .  .
>
> **The Court:** Well, you stated that you have not been able to employ an attorney that you feel comfortable with. If the court determined that you were indigent ... the court would appoint an attorney to represent you.
>
> **The Defendant:** I realize that ... neither I, nor the court, nor the prosecuting attorneys wants me representing myself, but ... that is the best decision I am able to come up with under the circumstances....
>
> .  .  .  .  .
>
> **The Court:** Now, Dr. Foster, you really haven't asked the court to appoint you an attorney.... Are you going to ask the court to appoint an attorney based on your indigency?

> **The Defendant:** No, your honor. I never entertained representing myself as an indigent or asking or requesting the court to appoint an attorney....
>
> **The Court:** So ... you are not requesting an attorney be appointed for you at this time?
>
> **The Defendant:** That's correct.
>
> **The Court:** You did not request an indigency hearing?
>
> **The Defendant:** That's correct, your honor. I did not request an indigency hearing.

It is clear that the defendant did not desire appointed counsel. He had been represented by an attorney and had joined in that attorney's request to withdraw. The defendant wanted to employ new counsel, but he had his own criteria: (1) he had to feel "comfortable with" counsel and (2) he had to find counsel whose fee he could afford to pay. At no time before, during, or after this hearing did the defendant ask the court to provide him with appointed counsel. Five days before trial was set to begin, the defendant requested a third continuance because he was still attempting to employ an attorney of his choice.

■ A defendant has a constitutional right to represent himself at a criminal trial. *Faretta v. California.*[3] Because of the inherent dangers of self-representation, however, a defendant's waiver of the right to counsel must be made knowingly and intelligently.[4] To waive the right to appointed counsel a defendant must not only comprehend the nature of the right but also must voluntarily relinquish the right. *Brewer v. Williams.*[5] In determining whether waiver is effective it is appropriate to consider several background factors including a defendant's age, education, and occupation.[6]

Dr. Foster is an intelligent, articulate, and highly educated medical professional.

---

**3.** 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

**4.** *Johnson v. Zerbst*, 304 U.S. 458, 464–65, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466–67 (1938); *Richardson v. Lucas*, 741 F.2d 753, 756 (5th Cir.1984).

**5.** 430 U.S. 387, 404, 97 S.Ct. 1232, 1242, 51 L.Ed.2d 424, 440 (1977).

**6.** *Wiggins v. Procunier*, 753 F.2d 1318, 1320 (5th Cir.1985); 8B Moore's Federal Practice ¶ 44.07[1].

There is no evidence in the record that at the September 30th status hearing or at any other time, the defendant was confused by the court's use of the term "indigency" or that he distinguished between indigency and financial inability. The defendant twice refused the court's offer to hold a hearing to determine whether he was entitled to appointed counsel; each time he stated emphatically that he had not entertained the idea of requesting the court to appoint counsel. He would rather try the case himself. The defendant stated that he realized that not having counsel was a serious matter and that he was aware that the court and the prosecuting attorney thought that it was in the defendant's best interest to have an attorney. During the period between indictment and trial the defendant retained and discharged counsel and consulted two legal advisors who attended conferences and hearings and filed motions on his behalf. At least one of the defendant's legal advisors was present at the trial. In an October 19, 1987 letter to the court, the defendant requested a January 1988 trial date although he still had not secured counsel. The defendant made a calculated decision to represent himself in the event that he could not hire counsel he was comfortable with before trial.[7]

Despite all of this evidence that the defendant intelligently and voluntarily waived his right to counsel, the defendant argues on appeal that the trial court should have inquired further into his financial ability to obtain counsel. The trial judge offered to conduct an in-depth hearing although he knew that the defendant earned $16,000 to $18,000 a year.

Once a defendant has been informed of the right to appointed counsel, it is incumbent upon the defendant to notify the court of his desire to have counsel appointed because of his financial inability to obtain counsel.[8] The Criminal Justice Act of 1964[9] requires the court to make an appropriate inquiry into the defendant's financial status to determine whether the defendant is entitled to appointed counsel. No particular method of determining the defendant's means, however, is required by the Act. The burden rests with the defendant to establish insufficient financial means to employ counsel.[10] The Act in no way diminishes a defendant's right to represent himself at trial; it merely requires that a court appoint counsel to represent a defendant who has not waived his right to counsel and who is financially unable to obtain counsel.

The defendant in this case at no time intimated a desire to be represented by appointed counsel. Instead, he affirmatively chose to proceed pro se with some assistance from two legal advisors. The defendant was not denied his Sixth Amendment right to counsel and the trial court did not commit reversible error by not forcing him to participate in an in-depth indigency hearing. The defendant knowingly and voluntarily waived his right to counsel. The court's denial of the defendant's request for a third continuance to allow more time

---

7. After the government rested its case, the defendant, with the court's permission, showed the court a check he had received recently. The defendant stated that the check would have enabled him to hire counsel he felt "comfortable with" had the court granted his third request for a continuance. The prosecuting attorney then stated for the record that at the September 30th hearing the defendant refused the court's offer to have a hearing to determine whether the defendant was eligible for appointed counsel. The trial judge then commented to the parties, "Dr. Foster was offered the opportunity for the court to consider whether or not he should have an attorney appointed for him, and he did not wish one appointed for him and he wished to proceed on his own ...". The defendant did not object to this statement nor did he add anything further on this subject. Record, Vol. 4 at 289–91.

8. See, e.g., Government of Canal Zone v. Peach, 602 F.2d 101, 105 (5th Cir.1979); De La Fe v. United States, 413 F.2d 543, 544 (5th Cir.1969); U.S. v. Sarsoun, 834 F.2d 1358, 1361 (7th Cir. 1987); U.S. v. Martin–Trigona, 684 F.2d 485, 490 (7th Cir.1982).

9. 18 U.S.C. § 3006A.

10. See, e.g., U.S. v. Sarsoun, 834 F.2d 1358, 1361 (7th Cir.1987); U.S. v. Harris, 707 F.2d 653, 660 (2nd Cir.), cert. denied, 464 U.S. 997, 104 S.Ct. 495, 78 L.Ed.2d 688 (1983).

to secure counsel was not an abuse of discretion.[11]

The appellant's arguments on other issues are meritless.

We AFFIRM the defendant's convictions on all counts.

**11.** *See, e.g., United States v. Mitchell,* 777 F.2d 248, 256 (5th Cir.1985); *U.S. v. Casey,* 480 F.2d 151 (5th Cir.1973).