**UNITED STATES of America**

**v.**

**Lawrence ELLIS.**

**No. 93–52 CR–J–10.**

United States District Court,
M.D. Florida,
Jacksonville Division.

Nov. 30, 1993.

James Klindt, Asst. U.S. Atty., Jacksonville, FL, for U.S.

Roberto A. Arias, Stephen J. Weinbaum, former attys., Jacksonville, FL, for defendant.

George D. Gabel, Jr., Gabel, Hair & Taylor, Jacksonville, FL.

**ORDER ON APPEAL**

HODGES, District Judge.

This case is before the Court pursuant to an appeal taken by the United States (Doc. 178) from an Order entered by the Magistrate Judge (Doc. 177) excluding Government counsel from certain proceedings to be conducted by the Magistrate Judge in determining whether the Defendant's retained counsel should be permitted to withdraw in order that other counsel might be appointed under the Criminal Justice Act to represent the Defendant upon his appeal to the United States Court of Appeals.

The argument of the parties, and much of the discussion of the Magistrate Judge in his Order, centers on the meaning of the term "in camera" and the absence of the term "ex parte" from Addendum Four of the Eleventh Circuit Plan under the Criminal Justice Act. Upon due consideration, I agree with the well reasoned analysis of the Magistrate Judge concerning this point; but, in addition, I conclude in any event that the Magistrate Judge acted within his sound judicial discretion in determining to conduct the proceedings in the manner described in the Order under review. It follows that the appeal of the United States is DENIED and the Order of the Magistrate Judge is AFFIRMED.

IT IS SO ORDERED.

DONE and ORDERED.

### ORDER

STEELE, United States Magistrate Judge.

The issue before the Court is the meaning of the phrase *"in camera* review" as used in Subsection (d)(2) of Addendum Four, Eleventh Circuit Plan Under The Criminal Justice Act. The government argues that it is a review with counsel for both sides present but with the public excluded and the record of the proceeding sealed. Defendant agrees that the record must be sealed, but argues that the phrase was intended to exclude both government representatives and the public during the review process. For the reasons set forth below, the Court agrees with defendant.

Defendant is the former sheriff of Nassau County, Florida who has been convicted on multiple counts involving drug trafficking and obstruction of justice. Defendant was represented by two retained attorneys through the time of his sentencing. After his sentencing defendant, through retained counsel, filed a Motion For Leave To Appeal In Forma Pauperis (Doc. # 168) and a Motion To Appoint Counsel Under The Criminal Justice Act (Doc. # 170). On November 1,

1993 these motions were referred to the undersigned for disposition. (Doc. # 172).

The undersigned scheduled a hearing on the motions for November 3, 1993, giving notice to both the government and defense counsel. On that date both of defendant's attorneys were present,[1] as well as the Assistant United States Attorney (AUSA) and the case agent. The undersigned announced his intention to exclude the government representatives and the public from the review of the fee arrangements between defendant and his attorneys. Because defendant filed his financial statement in the Court file, which is a public record, review of defendant's current financial condition was to be in Open Court with the government present and participating. The government objected to the exclusion of the AUSA (but not the exclusion of the case agent). The Court continued the hearing to give the parties the opportunity to file legal memoranda. The government filed a Memorandum in opposition to its exclusion from the Court's review. (Doc. # 175).

The meaning of *"in camera* review" must be determined in the context of the general principles regarding appointment of counsel. A defendant in a criminal case has the constitutional right to be represented by counsel, including court appointed counsel if defendant cannot afford to retain an attorney. *Argersinger v. Hamlin,* 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972); *Gideon v. Wainwright,* 372 U.S. 335, 340, 83 S.Ct. 792, 794, 9 L.Ed.2d 799 (1963). To implement this Sixth Amendment right, Congress passed the Criminal Justice Act (CJA) in 1964. 18 U.S.C. § 3006A. The court must advise a defendant of the right to appointed counsel, 18 U.S.C. § 3006A(b), and inquire whether he or she is able to afford counsel. *United States v. Moore,* 671 F.2d 139, 141 (5th Cir.1982), *cert. denied* 464 U.S. 859, 104 S.Ct. 183, 78 L.Ed.2d 163 (1983); *United States v. Wadsworth,* 830 F.2d 1500, 1504 (9th Cir.1987). Thereafter, it is defendant's responsibility to advise the court of his or her desire for court appointed counsel. *Government Of Canal Zone v. Peach,* 602 F.2d 101, 105 (5th Cir.1979)[2], *cert. denied*

---

1. Defendant was not present, having been sent to his designated institution to serve his sentence.

2. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) the Eleventh Circuit adopted as binding precedent all the deci-

444 U.S. 952, 100 S.Ct. 426, 62 L.Ed.2d 322 (1979); *United States v. Foster*, 867 F.2d 838, 841 (5th Cir.), *cert. denied* 492 U.S. 908, 109 S.Ct. 3221, 106 L.Ed.2d 570 (1989).

A fundamental prerequisite for court appointed counsel is defendant's inability to hire an attorney. A person who has the financial resources to obtain counsel has no right to court appointed counsel. *United States v. Gravatt*, 868 F.2d 585, 591 (3rd Cir.1989). Defendant bears the burden of proving by a preponderance of the evidence that he or she is "financially unable to obtain counsel". 18 U.S.C. § 3006A(b); *United States v. Barcelon*, 833 F.2d 894, 896 (10th Cir.1987) (citing cases); *United States v. Gravatt*, 868 F.2d at 588; *United States v. Foster*, 867 F.2d at 841; *United States v. Harris*, 707 F.2d 653, 661 (2nd Cir.), *cert. denied* 464 U.S. 997, 104 S.Ct. 495, 78 L.Ed.2d 688 (1983). This standard is not one of complete indigency, although "indigent" is often used as a shorthand term. *United States v. Barcelon*, 833 F.2d at 895 n. 2; *United States v. Foster*, 867 F.2d at 839.

Defendant's financial ability is determined by the court after an "appropriate inquiry". 18 U.S.C. § 3006A(b). The CJA does not further define an "appropriate inquiry", but this Circuit requires a "full inquiry in the manner of *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), into the financial ability of the defendant to retain counsel." *Wood v. United States*, 387 F.2d 353, 354 (5th Cir.1967), *cert. denied* 396 U.S. 924, 90 S.Ct. 256, 24 L.Ed.2d 205 (1969). It is clear that the procedure varies with the circumstances and that no one method is required. *United States v. Barcelon*, 833 F.2d at 897; *United States v. Foster*, 867 F.2d at 841. The court must fulfill its obligation "by whatever means appropriate". *United States v. Anderson*, 567 F.2d 839, 840 (8th Cir.1977) (citation omitted).

The "appropriate inquiry" is normally an adversarial proceeding at which the representative of the United States is present and participates. *United States v. Deutsch*, 599 F.2d 46 (5th Cir.1979), *cert. denied* 444 U.S. 935, 100 S.Ct. 283, 62 L.Ed.2d 194 (1979). Like most court proceedings, it is routinely held in open court, fully accessible to the public. *Press–Enterprise Co. v. Superior Court of California for Riverside County*, 478 U.S. 1, 8–9, 106 S.Ct. 2735, 2740–41, 92 L.Ed.2d 1 (1986). A special problem arises where the required financial disclosure presents a colorable self incrimination claim. To alleviate the untenable position of forcing a defendant to choose between the Sixth Amendment and the Fifth Amendment rights, most courts have required that at least a portion of the "appropriate inquiry" be held *"in camera"*. *United States v. Moore*, 671 F.2d at 141; *United States v. Anderson*, 567 F.2d at 840; *United States v. Gravatt*, 868 F.2d at 589–90; *United States v. Ellsworth*, 547 F.2d 1096 (9th Cir.1976), *cert. denied* 431 U.S. 931, 97 S.Ct. 2636, 53 L.Ed.2d 247 (1977). It is clear that in all these cases the *"in camera"* hearing was conducted without the presence or participation of government counsel. *But see United States v. Harris*, 707 F.2d at 662–63, upholding the refusal to conduct such an *in camera* hearing in favor of an exclusionary rule prohibiting the use of defendant's evidence.

When retained trial counsel attempts to withdraw from representation on appeal, two issues are raised. Retained counsel has an obligation to continue to represent a defendant, including on appeal, unless relieved by the court. Local Rule 2.03(b), United States District Court for the Middle District of Florida; Eleventh Circuit Plan Under The Criminal Justice Act, Addendum Four (d)(2). Therefore, the first issue is whether trial counsel's fee was such that counsel should be compelled to continue to represent defendant on appeal. If not, counsel may be allowed to withdraw, and the second issue becomes whether defendant is financially eligible for appointed counsel. "If at any stage of the proceedings, including an appeal, the United States magistrate or the court finds that the person is financially unable to pay counsel whom he had retained, it may appoint coun-

sions of the former Fifth Circuit handed down prior to the close of business on September 30,

1981.

sel" after the appropriate inquiry. § 3006A(c).

Against this background the Eleventh Circuit Plan Under The Criminal Justice Act, Addendum Four (d)(2) provides in part:

Unless approved in advance by this court, the district court is not authorized to appoint counsel on appeal to represent a defendant who was represented in the district court by retained counsel without first conducting an *in camera* review of the financial circumstances of the defendant and of the fee arrangements between the defendant and retained trial counsel.

Local Rule 2.03(d) of the United States District Court, Middle District of Florida, details the substance of this inquiry:

If a defendant who had retained counsel during trial moves the court to proceed on appeal *in forma pauperis* or for appointment of Criminal Justice Act appellate counsel, retained counsel will be required to disclose *in camera* (1) the total amount of fees and costs paid, (2) by whom fees and costs were paid, and (3) the costs actually incurred and services actually rendered. All information submitted will be viewed *in camera* by the court for the purpose of deciding the defendant's *in forma pauperis* motion and for determining whether retained counsel should continue to prosecute or defend the appeal.

The government first argues that the plain meaning of *"in camera"* in Addendum Four must allow the presence of opposing counsel, since the Court of Appeals would otherwise have included the phrase *"ex parte"* in its description of the required review. While the most accurate description of the required proceeding may indeed be *"ex parte, in camera"*, the Court concludes that the omission of the phrase *"ex parte"* does not grant the government the right to be present at the review process. However more precise the phraseology could be [3], *"in camera"* is routinely used to mean review by the court alone

or with the party producing the documents or other material at issue, to the exclusion of opposing counsel. *See United States v. Zolin,* 491 U.S. 554, 565–72, 109 S.Ct. 2619, 2627–31, 105 L.Ed.2d 469 (1989). Thus, an *in camera* hearing often excludes defendant's counsel in a criminal case or plaintiff's counsel in a suit against the government. *In camera* inspection of arguable Jencks Act material by the court without opposing counsel was approved in *Palermo v. United States,* 360 U.S. 343, 354, 79 S.Ct. 1217, 1225, 3 L.Ed.2d 1287 (1959) because "any other procedure would be destructive of the statutory purpose." In *United States v. Gutierrez,* 931 F.2d at 1491 the *in camera* hearing excluded defendant's attorney from review of the factual basis of the need to preserve the identity of an informant. In *Miscavige v. Internal Revenue Service,* 2 F.3d 366 (11th Cir.1993) and *Nadler v. United States Department of Justice,* 955 F.2d 1479 (11th Cir.1992), the Court upheld the exclusion of plaintiff's counsel from an *in camera* review of documents sought under a Freedom Of Information Act request.

Similarly, the Court has excluded government counsel from hearings where its presence would defeat the purpose of the statute or privilege. In *United States v. Argomaniz,* 925 F.2d 1349, 1355 (11th Cir.1991) the Court required an *in camera* proceeding by the trial court without government counsel's presence or participation in order to ascertain the validity of the assertion of a fifth amendment privilege to an I.R.S. summons. In *In Re Federal Grand Jury Proceedings, 89–10 (Mia),* 938 F.2d 1578, 1581 (11th Cir. 1991) the Court noted that the *in camera* review of documents for the applicability of the attorney client privilege was done without ever providing the government with a copy of the disputed documents, even on appeal.

These cases clearly indicate that in a variety of contexts *"in camera* review" has consistently meant the exclusion of opposing

---

**3.** The Eleventh Circuit has made the distinction between *ex parte* and *in camera* in describing various trial court hearings. *United States v. Valenti,* 987 F.2d 708, 710–11 (11th Cir.), cert. denied — U.S. ——, 114 S.Ct. 289, 126 L.Ed.2d 238 (1993). This has been the exception rather

than the rule. In *United States v. Gutierrez,* 931 F.2d 1482 (11th Cir.1991), cert. denied — U.S. ——, 112 S.Ct. 321, 116 L.Ed.2d 262 (1991), for example, the Court referred to the same hearing both as *in camera* and *ex parte, in camera.*

counsel. As noted above at pages 4–5, the same interpretation has been applied to an *in camera* hearing in the appointment of counsel context. Local Rule 2.03(d) specifies the *in camera* review will be made "by the Court." There is simply no reason to believe a different meaning was intended in Addendum Four or Local Rule 2.03(d).

Here, the obvious purpose of the *in camera* hearing is to preserve the privacy interests of both the defendant and his attorney, to limit the intrusion on the attorney client relationship, to preserve attorney client communications, and protect a fifth amendment privilege that may be implicated in a given case. While fee information is not normally privileged, it can be under certain circumstances. *In Re Grand Jury Matter No. 91-01386*, 969 F.2d 995, 998 (11th Cir.1992). The Court concludes that allowing government counsel to be present at the Court's review would defeat the purpose of Addendum Four and Local Rule 2.03(d).

The government's second argument is that its presence is necessary to ensure that the Court reaches the proper conclusion after the *in camera* review because only it can represent the public interest. It is certainly true that an "advocate's eye" is different than the court's; however, this perspective has not been so compelling as to necessitate the participation of opposing counsel in an *in camera* review, even when a criminal defendant's constitutional rights are at issue. *Pennsylvania v. Ritchie*, 480 U.S. 39, 60, 107 S.Ct. 989, 1002, 94 L.Ed.2d 40 (1987). The government obviously had a substantial interest in the correct determination of the fifth amendment issue in *United States v. Argomaniz*, 925 F.2d 1349 and the attorney client privilege issue in *In Re Federal Grand Jury Proceedings, 89–10 (Mia)*, 938 F.2d 1578. Nonetheless, the Eleventh Circuit upheld the exclusion of government counsel from the *in camera* review process in those cases. The Court finds the government's interest in the withdrawal of retained counsel is no more compelling. If the *in camera* review discloses matters which make an adversary hearing appropriate, the Court retains the authority and discretion to take those steps necessary to allow government participation

while protecting defendant's Sixth Amendment right to counsel. *United States v. Gravatt*, 868 F.2d at 590 (exclusionary rule to prevent use of defendant's evidence); *United States v. Branker*, 418 F.2d 378, 380 (2d Cir.1969) (same). *But see United States v. Kahan*, 415 U.S. 239, 243, 94 S.Ct. 1179, 1181, 39 L.Ed.2d 297 (1974).

The government argues that excluding it from the *in camera* review effectively eliminates its right to appeal the resulting decision. The government's right to appeal is certainly more difficult with such an *in camera* proceeding. However, the government's position is no different than, for example, a criminal defendant who must appeal from an adverse ruling concerning Jencks Act or *Brady* material after an *in camera* proceeding. The Eleventh Circuit has long taken the view that an *in camera* review which excludes the opposing counsel is proper, and the Court of Appeals reviews the sealed record for error. *United States v. Buckley*, 586 F.2d 498, 506 (5th Cir.1979), *cert. denied* 440 U.S. 982, 99 S.Ct. 1792, 60 L.Ed.2d 242 (1979).

The government also argues that it is inhibited in defending the court's decision if it does not participate in the proceedings. While this is undoubtedly true, it does not justify access to the Court's review. For example, in *In Re Federal Grand Jury Proceedings, 89–10 (Mia)*, 938 F.2d at 1581–83 the Court of Appeals reviewed and reversed the district court's holding that the crime-fraud exception defeated the attorney client privilege as to documents submitted *in camera* without ever allowing the government to review the documents. The court's decision simply has to stand review without the government's fully informed support.

The United States has requested that the undersigned stay the *in camera* hearing so that it can appeal this adverse ruling. (Doc. # 176). The Court will do so, but not indefinitely. The undersigned will conduct the *in camera* review of the fee arrangements between defendant and his attorneys on November 29, 1993 at 3:00 p.m.; the AUSA and the public will be excluded from this process and the record will be sealed. Immediately

following this *in camera* proceeding the Court will address the issue of defendant's current financial circumstances and his ability to retain appellate counsel; this will be held in open court with the participation of government counsel.

It is so ordered.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of November, 1993.